```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION


JEFFREY A. TEAMER,              §
                                §
            Plaintiff,           §
                                §
VS.                             §   CIVIL ACTION H-11-1808
                                §
JANET NAPOLITANO, SECRETARY     §
DEPARTMENT OF HOMELAND SECURITY,§
                                §
            Defendant.          §
```

**OPINION AND ORDER**

Pending before the Court in the above referenced cause, alleging employment discrimination based on race (Afican American), age, and disability (lower back problems), is a motion request for appointment of counsel (instrument #2) filed by *pro se* Plaintiff Jeffrey A. Teamer, proceeding *in forma pauperis*.

Under 28 U.S.C. § 1915(e)(1), "The court may request an attorney to represent any person unable to afford counsel." Nevertheless, there is no automatic right to appointment of counsel in a civil case, and the court has considerable discretion in determining whether to do so. *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir, 1986); *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990). An indigent civil litigant does not have an automatic right to appointed counsel absent "exceptional circumstances." *Norton v. E.U. Dimazana*, 122

F.3d 286, 293 (5th Cir. 1997); *Akasike v.Fitzpatrick*, 26 F.3d 510, 512 (5th Cir, 1994).  A court may appoint counsel in a civil case if doing so would advance the proper administration of justice. *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982).  The court may consider the following factors in deciding whether exceptional circumstances justifying such an appointment are present and whether appointed counsel would facilitate the administration of justice:  (1) the complexity of the suit; (2) the ability of the indigent litigant to present the case; (3) the litigant's ability to investigate the case; and (4) the skill required to litigate the case before the court.  *Ulmer v. Chancellor*, 691 F.2d at 212-13.

As the Fifth Circuit recently stated, "[E]very litigant benefits by having an attorney.  However the burden is on the plaintiff to demonstrate that, unique from other *pro se* litigants, he will have particular difficulty in investigating and presenting his case such that his situation justifies the special benefit of having counsel appointed to represent him."  *Margin v. Social Security Administration*, Civ. A. No. 08-4605, 2009 WL 3673025, *2 (5th Cir. Oct. 28, 2009).  Plaintiff has made no such showing here.  The Court finds no exceptional circumstances in the instant case to warrant appointment of counsel.  The issue in the case is not complex, Plaintiff has adequately explained the nature of his grievance in his complaint (#1), and he has not shown that he would

have unusual difficulty in investigating and presenting his case in court.

 Accordingly, the Court

 ORDERS that Plaintiff's motion (#2) is DENIED.

 **SIGNED** at Houston, Texas, this  17th  day of  May , 2011.

          _____
            MELINDA HARMON
          UNITED STATES DISTRICT JUDGE